IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RENEGADES MC, | ) CIVIL NO. 16-00119 JMS-KSC |
| Plaintiff, | ) |
| vs. | ) FINDINGS AND RECOMMENDATION ) TO DENY WITHOUT PREJUDICE ) APPLICATION FOR DEFAULT |
| ROBERT D. JOHNSON; RENEGADES MC 25/8, | ) JUDGMENT ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY WITHOUT
PREJUDICE APPLICATION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff Renegades MC's Application for Default Judgment, filed August 2, 2016. This matter came on for hearing on February 2, 2017. Joe Utzurrum, Esq., appeared on behalf of Plaintiff. Defendants did not appear.

As stated at the hearing, the Court recommends denial without prejudice of Plaintiff's Application due to the existence of questions concerning the sufficiency of process. When a plaintiff seeks default judgment, the Court must preliminarily determine whether service of process was adequate. Pension Plan for Pension Tr. Fund for Operating Eng'rs v. J & K

Sweeping, No. C 14-1179 CW, 2014 WL 4626008, at *4 (N.D. Cal. Sept. 15, 2014) (citing Bank of the West v. RMA Lumber Inc., 2008 WL 2474650, at *2 (N.D. Cal. June 17, 2008)); Timbuktu Educ. v. Alkaraween Islamic Bookstore, No. C 06-03025 JSW, 2007 WL 1544790, at *2 (N.D. Cal. May 25, 2007) (quoting Lease Corp. of Am. v. Gibbs, No. 96-6827m 1997 U.S. Dist. LEXIS 5478, at *1 (E.D. Pa. Apr. 22, 2007)) ("In order for a court to enter a default judgment against a defendant, that defendant must have been properly served with a summons and a copy of the complaint.").  If a court lacks personal jurisdiction over a defendant due to insufficient service of process, a default judgment is void.  S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1165 (9th Cir. 2007).

After a review of the record, the Court is unable to ascertain whether service was properly effected upon Defendants.  Plaintiff's Proofs of Service (Doc. Nos. 17-18) indicate that the relevant documents were left with a John Doe at Defendant Robert Johnson's residence.  However, it is unclear that this


service complies with Federal Rule of Civil Procedure 4. Although Plaintiff's counsel's Declarations submitted in connection with the Requests for Entry of Default (Doc. Nos. 26-27) represent that Defendants were also served by certified mail, certified mail is not a proper form of service.  Given these outstanding issues, it would be improper for default judgment to enter.

Plaintiff's counsel explained that Defendant Johnson has evaded service and threatened the process server.[1]  These challenges notwithstanding, the Court must verify that it has jurisdiction over Defendants before any of the requested relief can be accorded. Plaintiff may renew its request for default judgment, but should ensure that the issues identified herein are addressed.

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's

---

[1]  Plaintiff has yet to seek or avail itself of other forms of service authorized by the applicable rules.

Application for Default Judgment be DENIED WITHOUT PREJUDICE.

    IT IS SO FOUND AND RECOMMENDED.

    DATED:  Honolulu, Hawaii, February 2, 2017.



    _____
    Kevin S.C. Chang
    United States Magistrate Judge

CIVIL NO. 16-00119 JMS-KSC; RENEGADES MC V. JOHNSON, ET AL.; FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE APPLICATION FOR DEFAULT JUDGMENT